UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARTIN SHAPIRO,

    Plaintiff,

v.                                        Case No.:  2:19-cv-679-FtM-38MRM

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Wright National Flood Insurance Company's Motion to Dismiss Claims for Fees and Costs Under the Equal Access to Justice Act (Doc. 7) filed on October 11, 2019 and Plaintiff's Response in Opposition (Doc. 15) filed on October 29, 2019.  For the reasons set forth below, the Motion is denied.

## **BACKGROUND**

In this single-claim Complaint for Breach of Contract (Doc. 1), Plaintiff Martin Shapiro seeks relief for flood damage caused to his property on or about September 10-11, 2017, by Hurricane Irma.  Plaintiff submitted a claim to Defendant seeking coverage for the damage under a federally-sponsored Standard Flood Insurance Policy (SFIP) issued by Defendant Wright National Flood Insurance Company (Wright) for the property under the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq*.  Defendant hired an

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

independent adjuster who prepared an estimate which Plaintiff disagreed with. Plaintiff alleges that Defendant has failed or refused to pay the full amount due under the Policy or otherwise failed or refused to comply with the terms and provisions of the Policy. In addition to its flood damages, Plaintiff's requested relief includes reasonable attorney's fees, costs, and case expenses incurred in filing and prosecuting this action payable under the Equal Access to Justice Act (EAJA). (Doc. 1, at 5).

Defendant moves to dismiss the request for EAJA attorney's fees, costs, and case expenses pursuant to Federal Rule of Civil Procedure 12(b)(6) because defendant is not an agency of the United States from which EAJA fees may be obtained. Although this lawsuit is not a suit against the federal government, Plaintiff nevertheless responds that the EAJA should apply to SFIP policyholders because private insurance companies (such as Wright) that issue SFIPs merely carry out the duties as "fiscal agents" of the Federal Emergency Management Agency (FEMA).

### A. The National Flood Insurance Program

Wright National Flood Insurance Company, a private insurance company, is a Write-Your-Own (WYO) Program carrier participating in the United States government's National Flood Insurance Program (NFIP). Congress created the NFIP under the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq.* to limit the damage caused by flooding by spreading the risk among private insurers and the federal government. FEMA administers the program and has established, by regulation, the Standard Flood Insurance Policy, 44 C.F.R. § 61.13.

By statute, the Director of FEMA is authorized to promulgate regulations "for the general terms and conditions of insurability which shall be applicable to properties eligible

for flood insurance coverage." 42 U.S.C. §§ 4013, 4019. Pursuant to FEMA regulations, "all policies issued under the NFIP must be issued using the terms and conditions of the SFIP found in 44 C.F.R. Part 61, Appendix A." 42 U.S.C. §§ 4013, 4019. The Director of FEMA is authorized to use private insurance companies as "fiscal agents of the United States" and to enter into any necessary contracts with insurance companies to implement the NFIP. 44 C.F.R. § 62.23(g).

FEMA created the WYO program in 1983 pursuant to regulatory authority granted to it by Congress. *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 599 (4th Cir. 2002). "The WYO Program is a program whereby private insurance companies are allowed to issue, under their own names as insurers, flood insurance policies under the Government Program." *Id.* (citing 44 C.F.R. § 62.23). "Insurance companies which participate in the WYO Program are known as 'WYO Companies.'" *Id.* Importantly, "all flood insurance policies issued by WYO Companies under the WYO Program must mirror the terms and conditions of the SFIP," and the terms and conditions of the SFIP "cannot be varied or waived other than by the express written consent of the Federal Insurance Administrator." *Id.* A WYO company issuing flood insurance coverage is responsible for the "adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issues under the [NFIP], based upon the terms and conditions of the [SFIP]." *Id.*

"Premiums collected by WYO Companies, after deducting fees and costs, must be deposited in the National Flood Insurance Fund in the United States Treasury." *Battle*, 288 F.3d at 599 (citing 42 U.S.C. § 4017(d)). "When the funds retained by WYO Companies are insufficient to satisfy outstanding claims and refunds, the WYO Companies must draw upon letters of credit from FEMA." *Id.* at 599-600 (citing 44 C.F.R.

3

Pt. 62, App. A, Art. IV (A)). Simply put, "premiums collected on policies written by WYO Companies do not belong to those companies." *Id.* at 600 (citing *Newton v. Capital Assurance Co.*, 245 F.3d 1306, 1311 (11th Cir. 2001)). Claim payments made by WYO companies under the SFIP "are a direct charge on the United States Treasury," and are not paid out of the WYO carrier's own funds. *Id.*; *see also in re Van Holt*, 163 F.3d 161, 165 (3d Cir. 1998).

### B. The No-Interest Rule Case

Although the Eleventh Circuit has not considered the exact issue raised in this case – whether attorney's fees and costs are payable to WYO companies under the EAJA – the Eleventh Circuit has considered an analogous issue of prejudgment interest awards. In *Newton v. Capital Assurance Co.*, the Eleventh Circuit cited *Van Holt* for the proposition that for jurisdictional purposes a suit against a WYO company is the "functional equivalent" of a suit against FEMA. *Newton*, 245 F.3d at 1309. The *Newton* case involved whether prejudgment interest awards (in that case awarded after a bench trial) in suits against WYO companies selling federally-sponsored SFIP policies violate the "no-interest rule" – a sovereign immunity principle that the United States is immune from an interest award in the absence of express congressional consent to the award. *Id.* at 1309. The court held that the no-interest rule prohibits the award of prejudgment interest against WYO companies because the regulations detailing the financial relationship between FEMA and WYO companies establish that the interest charges against WYO companies are in reality "direct charges against FEMA." *Id.* at 1311.

> [Defendant] also points out the functionary status of the WYO companies in relation to FEMA. Under the statute, WYO companies act as the "fiscal agents of the United States," 42 U.S.C. § 4071(a)(1); *see also* 44 C.F.R. § 62.23(f) (characterizing the relationship between the federal government

and WYO companies as "one of a fiduciary nature" and intended to "assure that any taxpayer funds are accounted for and appropriately expended"). WYO companies may not alter the terms of SFIPs, or insert flood coverage into other policies. 44 C.F.R. § 62.23(c), (h)(6). Finally, they must adjust claims under NFIP guidelines. Id. § 62.23(i)(1).

[Defendant] persuades us with these points — FEMA's inevitable liability for claims and its substantial administrative oversight — to join our fellow circuits in concluding that the line between a WYO company and FEMA is too thin to matter for the purposes of federal immunities such as the no-interest rule.

*Newton*, 245 F.3d at 1311.

## DISCUSSION

Plaintiff seeks to recover attorney's fees, costs, and case expenses in connection with his breach of contract claim pursuant to the EAJA, which is codified at 28 U.S.C. § 2412. (Doc. 1, at ¶ 12 and WHEREFORE clause). To justify an award of attorney's fees and costs under the EAJA, the party must be "the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity...." 28 U.S.C. § 2412(b). The statute defines "United States" to include "any agency or any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(d)(2)(C).

Defendant moves to dismiss the claim for EAJA attorney fees, costs, and case expenses pursuant to Federal Rule 12(b)(6), arguing that it is not an agency of the United States. Plaintiff responds that FEMA, although not a named party, is the real party in interest standing in the shoes of Wright and is an "agency" of the United States subject to the provisions of the EAJA.

Although labeled a Rule 12(b)(6) Motion, the Motion does not attack the factual sufficiency of the Complaint; rather, the requested relief is more akin to a motion to strike

the request for attorney's fees and costs under Federal Rule 12(f). In evaluating a motion to strike, the Court generally applies the same test used to determine a 12(b)(6) motion, including the general rule that matters outside the pleadings are not to be considered. *See Antoniou v. Thiokol Corp. Group Long Term Disability Plan*, 849 F. Supp. 1531, 1533 (M.D. Fla. 1994).

WYO Companies such as Wright are "responsible for their obligations to their insureds under any flood insurance policies issued." 44 C.F.R. § 62.23(g). WYO companies, rather than FEMA, are thus initially responsible for the "adjustment, settlement, payment, and defense" of claims on their policies. 44 C.F.R. § 62.23(d). "A WYO company choosing to defend against a claim must therefore seek reimbursement for its costs rather than merely handing the case over to FEMA." *Newton*, 245 F.3d at 1312 (citing 44 C.F.R. § 62.23(9)(6)), which states:

> **(i)** To facilitate the adjustment of flood insurance claims by WYO Companies, the following procedures will be used by WYO Companies.
>
> * * *
>
> **(6)** Pursuant to the Arrangement, the responsibility of defending claims will be upon the Write Your Own Company and defense costs will be part of the unallocated and allocated claim expense allowance, depending on whether a staff counsel or an outside attorney handles the defense of the matter.[2] Claims in litigation will be reported by WYO Companies to FIA [Federal Insurance Administration] upon joinder of issue and FIA may inquire and be advised of the disposition of such litigation.

44 C.F.R. § 62.23(i)(6). "Reimbursement may be limited, moreover, if a WYO company fails to meet certain documentation requirements." *Newton*, 245 F.3d at 1312 (citing pt. 62, app. A, art III(D)(2)).

---

[2] It appears that in this case outside counsel is handling the matter for Wright.

6

Based on the principles and regulations discussed by the Eleventh Circuit in *Newton*, the determining factor is whether the government is the source of the funds or who would pay an award of attorney's fees and costs. 245 F.3d at 1312. Here, payment of attorney's fees and costs may be a direct charge on federal funds if FEMA approves Wright's request for reimbursement of the attorney's fees and costs incurred defending this NFIP litigation. This is of course assuming that Wright seeks reimbursement for its defense costs from FEMA and otherwise has an arrangement with FEMA whereby it is entitled to reimbursement. Either way, it is at least *plausible* at this point in the litigation that attorney's fees and costs may be paid from federal funds by FEMA. Therefore, the request to strike the request for attorney's fees and costs under the EAJA is denied.

Accordingly, it is now

**ORDERED:**

Wright National Flood Insurance Company's Motion to Dismiss Claims for Fees and Costs Under the Equal Access to Justice Act (Doc. 7) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of January, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

7